Opinion of tlio Court, by
Judge Owsi.ev.
THIS writ of error is prosecuted to a judgment rc-‘covered by Stevens, in the circuit court, on the trial of an appeal taken from the decision of a justice of the police, dismissing a warrant which had been sued out by Stevens.
Upon calling the cause in the circuit court, Stevens presented a declaration in assumpsit, containing the cause of complaint for which he bad sued out the war *74 rant from the justice, and though objected to by Con diet,'the declaration was permitted to be filed.
pi a in tiff in the warrant to file a declaration containing matter not (l") In an an-peal from ¿ justice to the circuit court, regularlo permit the oognriabieby the justice— Arsu-
But adcolar-tuinirwa!*' cause of action of which the justice^ tion,maybe" filed, subject to the control ovírcisín"""».! sound discre-bon.
(2) Nil debet tion inasara' sumpsit, is ill on. demurrer,
(3) Where the contract is written, possession of the writing e>'rovo tho^1' terms ol^the contract, nor chango the writing-by4'0 parol ovi-dencu.
Exceptions were takers to the opinion of the court , and the first question made by the assignment of errors, controverts the propriety of allowing the declaration to be filed*
(1) In a proceeding of this sort* it would, no doubt, pe irregular to permit the plaintiff in the warrant to gj a declaration containing matter not cognizable before a justicb of the peace; but we suppose th.e matter contained in the declaration of Stevens; to be cognizable before á justice; arid whenever that is the case, the act regulating such proceedings allows the plaintiff in the warrant to filé a declaration, subject, however, to the control of the court, in the eXert.ise of a sound discretion; The Objection to filing of the declaration cannot, therefore, be sustained;
(2) After the declaration ivas filed, Condict tendered a plea, which finas deítiíirred to by Stevéns, and the demurrer was sustained by the court,
The next question raised by the assignment of errors, questions the decision upon thedemürrer.
The decision is, however, in the opinion of the court, ebrreefi Passing over any objection which might be raised to the form of the plea, it may be considered in substance a denial by Condict, of his owing Stevéns any part of the demand set forth in the declaration: and the dactrme is well settled* that ml debet is an insufficient plea to an action of assumpsit. Thus, it is said, when the defendant pleads a plea not adapted to na^ure °f action, as nil debet,in assumpsit, See. R>e plaintiff may consider it as a nullity, and sign judgment. 1 Tidd’sPrac. 506.
(3) The next question made by the assignment of errors, involves the correctness of the decision of the court, in not excluding parol evidence introduced by Sevens.
The parol evidence Wfint to show the nature and ex-^le conlract upon which the demand of Sle-veiiSfounded, and it would, no doubt, have been ad-missiblc, if the contract had not been reduced to writing. But the contract appears to have bcencominit-te<^ to writing by the parties thereto, and as the wrB ting was in the possession of Stevens, ' and by him brought mío court, it was incompetent either to preye *75 tbe terms of the contract or change the import of the writing by parol testimony. The parol evidence ought, therefore, to have been excluded, and the court erred in not doing so.
The judgment must, consequently, be reversed with costs, the cause remanded to the court below, and further proceedings had, not inconsistent with this opinion.